# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFONZO LOBAS,

    Defendant.

Case No. 2:12-cr-00109-LDG

<u>ORDER</u>

    The defendant, Alfonzo Lobas, and the United States jointly move to vacate, set aside, or correct criminal conviction and sentence pursuant to 28 U.S.C. §2255(f)(3) (ECF No. 136). The defendant was convicted of conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 (Count 1); brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) (Count 2); and five counts of Hobbs Act robbery under 18 U.S.C. § 1951 (Counts 3, 13, 15, 17, 21). The § 924(c) conviction in Count 2 specifically rested on Count 1—conspiracy to commit Hobbs Act robbery. The Court sentenced the defendant to 80 months incarceration as to Counts 1, 3, 13, 15, 17, and 21, and to a consecutive sentence of 84 months for Count 2.

    On June 21, 2019, the Supreme Court held, in *United States v. Davis*, 139 S. Ct. 2319 (2019), that § 924(c)'s residual clause is unconstitutionally vague in violation of the

Due Process Clause. The parties have jointly stipulated that the defendant is entitled to relief because Count 1's conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, is no longer a qualifying crime of violence under 18 U.S.C. § 924(c). As the defendant's Count 2 conviction for violating §924(c) is no longer valid, both it and its attendant 84-month sentence must be vacated. Accordingly,

THE COURT **ORDERS** that the parties' Joint Motion for Relief Under 28 U.S.C. §2255 (CM/ECF No. 136) is GRANTED as follows:

Defendant's Count 2 conviction for violating 18 U.S.C. §924(c) and its 84-month consecutive sentence are hereby VACATED;

The Clerk of the Court shall re-assign this matter for full re-sentencing on the remaining Counts 1, 3, 13, 15, 17, and 21.

THE COURT FURTHER **ORDERS** that the Probation Office shall update defendant's Presentence Investigation Report at least 14 days prior to the re-sentencing hearing to reflect any changes to the Guidelines calculations, sentencing options and sentencing recommendation in light of the vacatur of the defendant's 18 U.S.C. §924(c) conviction, and to provide any readily available information regarding defendant's post-conviction conduct.

THE COURT **ORDERS** that, as soon as this matter is scheduled for a re-sentencing hearing, the United States will file the necessary paperwork to transfer the defendant to the District of Nevada for re-sentencing.

DATED this 23 day of September, 2019.

Lloyd D. George
United States District Judge